**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2998
_____

GREGORY BINGHAM, JR.,
Appellant

v.

PHILADELPHIA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-02249)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2025

Before: HARDIMAN, KRAUSE, and CHUNG, *Circuit Judges*

(Filed: September 12, 2025)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Gregory Bingham, Jr. challenges the District Court's dismissal of his claim under Title VII of the Civil Rights Act of 1964, asserting that the Philadelphia School District engaged in religious discrimination by failing to accommodate his sincerely held religious beliefs after he objected to the School District's COVID-19 vaccine mandate and quarantine protocol.[1]  Discerning no error, we will affirm.

## I.    DISCUSSION[2]

We follow a two-step test in assessing Bingham's Title VII religious discrimination claim.  *Smith v. City of Atl. City*, 138 F.4th 759, 774 (3d Cir. 2025).  First, Bingham must establish that "(1) he held a sincere religious belief that conflicted with a job requirement, (2) he informed his employer of the conflict, and (3) he was disciplined for failing to comply with the conflicting requirement." *Fallon v. Mercy Cath. Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017).  If he makes this showing, we proceed to the second step where the School District can prevail by demonstrating that it offered Bingham a reasonable accommodation or that doing so would have imposed an undue hardship.

---

[1] Bingham's Amended Complaint asserted claims for racial and religious discrimination and retaliation under Title VII and for violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983.  In response to the School District moving for summary judgment on all claims, Bingham's opposition focused only on his Title VII religious discrimination claim.  This appeal is likewise limited to that claim.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  We exercise jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment *de novo*. *Pitsilides v. Barr*, 128 F.4th 203, 206 (3d Cir. 2025).  Summary judgment is appropriate only where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  *Id.*; Fed. R. Civ. P. 56(a).

2

*United States v. Bd. of Educ. for Sch. Dist. of Phila.*, 911 F.2d 882, 886–87 (3d Cir. 1990).

Bingham's claim falters at step one. By his own admission, Bingham was not subject to any disciplinary actions. At first, Bingham pleaded that the School District "terminated [his] employment because of his sincerely-held religious beliefs." App. 16. But he later admitted that he interviewed for and accepted a position at a nearby charter school and willingly resigned from his position with the School District, and a voluntary resignation is not a disciplinary action taken by the employer, *see, e.g.*, *Savel v. MetroHealth Sys.*, 96 F.4th 932, 940–41 (6th Cir. 2024); *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186–87 (4th Cir. 2004); *cf. Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999). Because there is no evidence in the record showing that Bingham was disciplined for failing to comply with an employment demand that conflicted with his sincerely held religious beliefs, he has failed to establish a prima facie case of religious discrimination under Title VII. The District Court thus correctly ruled in favor of the School District at step one.

In addition, the School District satisfied its burden at step two by showing that it provided Bingham with a reasonable accommodation. Bingham objected to getting vaccinated on religious grounds. The School District responded by exempting him from the vaccine policy but requiring him to quarantine when he was exposed to someone who had tested positive for COVID-19. This accommodation was reasonable because it eliminated the conflict between the School District's employment requirement and Bingham's religious beliefs. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986).

3

And conditioning the accommodation on compliance with the quarantine protocol recommended by the Centers for Disease Control and Prevention and the Philadelphia Department of Public Health does not transform it into an unreasonable one. *See Jackson v. Methodist Health Servs. Corp.*, 121 F.4th 1122, 1127 (7th Cir. 2024).

As Bingham accurately points out, he had to expend his earned sick or personal leave while quarantining. But "a sufficient religious accommodation need not be the 'most' reasonable one (in the employee's view), it need not be the one the employee suggests or prefers, and it need not be the one that least burdens the employee." *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 225 (3d Cir. 2000). Rather, an "employer satisfies its Title VII religious accommodation obligation when it offers any reasonable accommodation," *id.*, which includes anything that "eliminates the conflict between employment requirements and religious practices," *Philbrook*, 479 U.S. at 70. The School District offered such an accommodation here.

Finally, Bingham argues that the School District violated Title VII by denying his request to work from home. Not so. Nothing in the record suggests Bingham's religious beliefs required him to work from home. Even if they did, a duty to accommodate under Title VII is triggered once the employee gives the employer fair notice "that a particular employment practice will interfere with that employee's religious beliefs." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 319 (3d Cir. 2008). Bingham's unilateral pronouncement that he "will be working from home via zoom" until he was allowed back in person so that he does "not lose sick time or pay," App. 313—without any mention of his religious beliefs—fell well short of providing the School District with

4

the requisite fair warning.  What is more, Bingham never formally requested a religious accommodation to work from home despite receiving instructions on how to do so.  The District Court properly granted summary judgment in favor of the School District.

**II.     CONCLUSION**

For the foregoing reasons, we will affirm.